## Sokoloff v. Weisberg et ux. and Goodman et al.

*Mortgages — Fire insurance policy — Rights of purchaser at sale under mortgage to proceeds of fire policies.*

Where the property has been damaged by fire and the mortgagee forecloses his mortgage and sells the property thereunder for a sum more than sufficient to pay the mortgage, the obligation is satisfied, and the purchaser at the sale takes the property in the damaged condition and is not entitled to policies of fire insurance assigned to the mortgagee; in such a case the proceeds of the fire insurance are payable to the former owner of the property who assigned the policies.

Motion for judgment *n. o. v.* C. P. No. 1, Phila. Co., June T., 1921, No. 2924.

*George J. Edwards, Jr.*, for plaintiff; *Wesley H. Caldwell*, for defendants.

*Banks and banking—Certified check—Attachment by payee.*

A certified check drawn by A to the order of B, and, without B's endorsement, delivered to C, is not subject to attachment in the hands of C as garnishee at the suit of B.

Motion for new trial and judgment *n. o. v.* C. P. No. 1, Phila. Co., June T., 1921, No. 2924.

*George J. Edwards, Jr.*, for plaintiff; *Alex. J. Brian*, for defendants.

SHOEMAKER, P. J., July 21, 1923.—For the reasons stated in the charge to the jury, these motions are refused.

Where a check has been certified by a bank and is charged against the drawer's account, it becomes a debt of the bank and the drawer loses all control of it and has no power to stop payment of it as against a holder in due

course: Farmers' and Mechanics' Bank v. Elizabethtown Bank, 30 Pa. Superior Ct. 271.

If the check is not delivered to the payee and is returned to the bank, the obligation of the bank ceases, and the drawer's account is credited with the amount.

In the case at bar, a certified check drawn by defendant was delivered to Feldman, payable to the order of the plaintiff. Without the endorsement of the plaintiff it was of no value. Is it, therefore, a thing belonging to defendant which was subject to attachment? We think not, as plaintiff does not claim it as payee, but as a creditor of defendant, and, stripped of its certification, it was simply an order on the bank to pay. An attachment of the fund in the hands of the bank might be available to plaintiff, if he were to satisfy it that no claim would be made on the check payable to plaintiff's order and the fund held by the bank to meet the check is thereby released.

The motion for a new trial is dismissed, and motion for judgment n. o. v. refused, with an exception to plaintiff.